**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CRUZ HERNANDEZ, a Minor, by and through his Guardian ad Litem, ALICIA TELLES-HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER MEDICAL CENTER OF SANTA ROSA, *et al.*,<br><br>Defendants. | No. C 06-03350 SBA<br><br>**ORDER**<br><br>[Docket No. 70] |

Before the Court is (1) a Stipulation of Settlement and Proposed Order [Docket No. 65] filed by defendant Natasha Kahl, M.D. and plaintiff Cruz Hernandez, by and through his Guardian ad Litem, Alicia Telles-Hernandez ("Plaintiff"); (2) a Stipulation regarding Settlement; Proposed Order by Sutter Medical Center of Santa Rosa ("SMC") [Docket No. 118] filed by defendant SMC and Plaintiff; (3) a Motion for Order Authorizing Compromise of Minor's Claim and for Attorneys Costs Only (the "Motion") [Docket No. 70] filed by Plaintiff; (4) a Memorandum in Opposition regarding the Motion (the "Opposition") [Docket No. 71] filed by defendant United States of America; and (4) a Reply to the Opposition [Docket No. 72].

In this case, Plaintiff sued defendants SMC, Kahl, and Don Carlos Steele, M.D. for medical malpractice under California law, under the Federal Tort Claims Act (the "FTCA"). *See* Docket No. 1. Subsequently, the United States substituted in for Steele. *See* Docket No. 36. Cruz alleges defendants' negligence at his delivery legally caused him to become a spastic quadriplegic with severe mental retardation. *See* Docket No. 1. SMC and Kahl now seek Court approval to settle with Plaintiff, who is a minor. The United States objects because were these defendants to settle for less than their proportionate share of liability, as determined at trial under California's joint and several liability laws, it could be held liable for any difference, as the United States would be the only remaining defendant.

///

In this case, arising under the FTCA and involving acts occurring in California, liability is determined by California law. 28 U.S.C. §§ 1346, 2674; *Taylor v. U.S.*, 821 F.2d 1428, 1430 (9th Cir. 1987). This includes applying sections 1431 and 1431.2 of the California Code of Civil Procedure to this matter, which provide general liability for economic damages but several liability for non-economic damages. *In re Air Crash Disaster Near Cerritos, Cal., On Aug. 31, 1986*, 982 F.2d 1271, 1275 n.4 (9th Cir. 1992). Further, when less than all the parties wish to settle a matter in federal court, where liability is determined by state law, state settlement law also applies. *Slottow v. Am. Cas. Co. of Reading, Penn.*, 10 F.3d 1355 (9th Cir. 1993). Thus, in this case, if less than all the parties wish to settle, they must do so under portions of section 877.6 of the California Code of Civil Procedure[1] and its interpreting common law, including the factors announced by the California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985).

In addition, any settlement involving a minor must be approved by the Court, which includes approving any attorneys' fees paid by the minor. *See Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983); *Neitzel v. County of Marin*, C 05-3128 JL, slip op., 2006 WL 3334933 (N.D. Cal. Nov. 16, 2006); *Deja Marie J ex rel. Jerry J v. S.F. Unified Sch. Dist.*, C-05-4788 VRW, 2006 WL 2348884 (N.D. Cal. Aug. 11, 2006) (unreported).

In regards to the first issue of settlement by only some defendants, the parties have not briefed this issue under California law. As such, if some of the parties still wish to settle, they must file a motion justifying settlement under the *Tech-Bilt* factors, and properly notice all the parties for a hearing date. In the alternative, they may wish to wait, given the remaining defendant may soon settle with Plaintiff. *See* Docket No. 114 (Case Management Statement).

In regards to the second issue of Plaintiff's compromise, given there is no proper settlement proposal before the Court, the parties are still in negotiations, and trial is set for December 1, 2008,

---

[1] The Court and the parties, however, are not bound by the timing or notice provisions of subdivisions (a), nor is subdivision (e) regarding writ practice applicable in federal court. The parties, however, should take note of the information requested by subdivision (a)(2), the effect the Court's ruling will have as delineated by subdivision (b), and the burden of proof assigned by subdivision (c).

1  it would be premature to address this issue now.  As such, Plaintiff should raise this issue with the
2  Court, after all defendants have settled with the Court's approval, or post-trial.  Accordingly, the
3  Court DENIES Plaintiff's Motion for Order Authorizing Compromise of Minor's Claim and for
4  Attorneys Costs Only [Docket No. 70] without prejudice, as premature.

6      IT IS SO ORDERED.

7      July 9, 2008                    _Saundra B Armstrong_
8                                         Saundra Brown Armstrong
                                       United States District Judge