**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CRUZ HERNANDEZ, a Minor, by and through his Guardian ad Litem, ALICIA TELLES-HERNANDEZ, | No. C 06-03350 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 123, 134, 142, 144] |
| SUTTER MEDICAL CENTER OF SANTA ROSA, *et al.*, | |
| Defendants. | |

Before the Court is (1) Motion for Hearing regarding Determination of Good Faith Settlement [Docket No. 123] filed by defendant Sutter Medical Center of Santa Rosa ("SMC"); (2) Motion for Good Faith Settlement on Behalf of Defendant Natasha Kahl, M.D. [Docket No. 142] filed by defendant Natasha Kahl, M.D.; (3) Response to 142 Motions for Good Faith Settlement (the "Response") [Docket No. 144] filed by defendant United States; and (4) Amended Motion for Order Authorizing Compromise of Minor's Claim and for Attorneys Costs [Docket No. 134] filed by plaintiff Cruz Hernandez, by and through his Guardian ad Litem, Alicia Telles-Hernandez ("Plaintiff"). The Court finds these matters appropriate for resolution without a hearing under Federal Rule of Civil Procedure 78(b), and for the reasons discussed below DENIES both SMC's and Kahl's motions, the government's request for additional experts, and plaintiff's Amended Motion.

Plaintiff sued defendants SMC, Kahl, and Don Carlos Steele, M.D. for medical malpractice under California law, under the Federal Tort Claims Act (the "FTCA"). *See* Docket No. 1. Subsequently, the United States substituted in for Steele. *See* Docket No. 36. Plaintiff alleges defendants' negligence at his delivery legally caused him to become a spastic quadriplegic with severe mental retardation. *See* Docket No. 1.

In May and June of this year, Plaintiff, SMC, and Kahl filed pleadings requesting the Court approve a settlement agreement whereby SMC and Kahl would each pay $29,999 ($59,998 total) to

settle this matter. *See* Docket Nos. 65, 118. Plaintiff also filed a request to approve a minor's compromise, whereby all but about $5,800 would be applied to attorney's fees. *See* Docket No. 70. The United States objected to all requests. *See* Docket No. 71.

In response, the Court advised the parties as follows regarding California's law of joint-and-several liability:

> In this case, arising under the FTCA and involving acts occurring in California, liability is determined by California law. 28 U.S.C. §§ 1346, 2674; *Taylor v. U.S.*, 821 F.2d 1428, 1430 (9th Cir. 1987). This includes applying sections 1431 and 1431.2 of the California Code of Civil Procedure to this matter, which provide general liability for economic damages but several liability for non-economic damages. *In re Air Crash Disaster Near Cerritos, Cal., On Aug. 31, 1986*, 982 F.2d 1271, 1275 n.4 (9th Cir. 1992).

Docket No. 120 at 2.

The Court also advised the parties regarding early settlement procedures:

> [W]hen less than all the parties wish to settle a matter in federal court, where liability is determined by state law, state settlement law also applies. *Slottow v. Am. Cas. Co. of Reading, Penn.*, 10 F.3d 1355 (9th Cir. 1993). Thus, in this case, if less than all the parties wish to settle, they must do so under portions of section 877.6 of the California Code of Civil Procedure and its interpreting common law, including the factors announced by the California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985).

Docket No. 120 at 2 (footnote omitted).

Finally, the Court advised the parties regarding minor's compromise procedures:

> In addition, any settlement involving a minor must be approved by the Court, which includes approving any attorneys' fees paid by the minor. *See Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983); *Neitzel v. County of Marin*, C 05-3128 JL, slip op., 2006 WL 3334933 (N.D. Cal. Nov. 16, 2006); *Deja Marie J ex rel. Jerry J v.*

///

> *S.F. Unified Sch. Dist.*, C-05-4788 VRW, 2006 WL 2348884 (N.D. Cal. Aug. 11, 2006) (unreported).

Docket No. 120 at 2.

On July 10, 2008, the Court denied the May and June pleadings because the parties had not performed a *Tech-Bilt* analysis, and because it was impossible to consider a minor's compromise without a global settlement or a disposition on the merits. *See id.* at 2-3.

In July and August, SMC and Kahl again filed pleadings requesting the Court approve a settlement agreement whereby SMC and Kahl would each pay $29,999 ($59,998 total) to settle this matter.[1] *See* Docket Nos. 65, 118. Plaintiff did not file any pleadings. In their motions, SMC and Kahl correctly note the California Supreme Court stated in *Tech-Bilt*:

> the intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Tech-Bilt*, 38 Cal.3d at 499.

In their motions, SMC and Kahl essentially argue, based on their experts' assessments, that they bear no liability, and the settlement reached through a lengthy private mediation is a reasonable figure, which will save the expense of trial. See Docket Nos. 65, 118. They also deny any collusion or bad faith. *See id.* In its Response, the government does not oppose, but raises two related arguments. *See* Resp. First, the government argues the evidence negating causation presented by SMC and Kahl in their motions, somehow "applies to all defendants, including the United States." Resp. at 11:13. Thus, the government argues in its proposed order that causation has been negated.

---

[1] In California, a medical malpractice settlement exceeding $30,000 must be reported to the California Medical Board. Cal. Bus. & Prof. Code § 801.01(a).

1  Docket No. 11-13.  Second, the government argues it will now need two additional experts, as it will
2  essentially be defending itself and the two missing defendants.  Resp. at 4-5.  In turn, Plaintiff has
3  objected to the government's attempt to turn the *Tech-Bilt* pleadings into findings of fact regarding
4  the merits of his case.  Docket No. 146.  In addition, SMC has objected to the additional experts,
5  arguing the government need only concern itself with the same liability issues it has faced all along,
6  Dr. Steele's, and should not concern itself with the other defendants' liabilities.  Docket No. 147
7  at 2.

8        The Court DENIES SMC's and Kahl's Motions for two reasons.  First, neither party
9  addresses Plaintiff's damages and whether $29,999 is a "rough approximation of plaintiffs' total
10 recovery and the settlor's proportionate liability."  While each understandably claims no liability,
11 and seeks to insulate themselves from the California reporting requirements, the Court has been
12 provided with no information projecting Plaintiff's damages.[2]  Nor did the parties provide any
13 insurance information.

14       Second, despite the government's non-opposition, the Court already has indicated it is
15 disinclined to consider a minor's compromise in the absence of a global settlement or trial.
16 Section 3333.2 of the California Civil Code, which caps non-economic damages in medical
17 malpractice suits at $250,000, likewise applies in suits under the FTCA.  *Taylor v. U.S.*, 821 F.2d
18 1428, 1430 (9th Cir. 1987).  Were the Court to approve these settlements, and later find Plaintiff is
19 entitled to the full amount, Plaintiff would be left short.  The Court has indicated it is disinclined to
20 perform a partial minor's compromise.  For these reasons, the Court DENIES SMC's and Kahl's
21 motions without prejudice.

22       Turning to the government's request for more experts, the Court once again directs the
23 government to the meet and confer requirement in paragraph 5 of its Standing Order for Civil Cases.
24 The government has not certified it made any effort to discuss this issue with the other parties.  The
25 Court notes the government had difficulty with this requirement when it filed for a partial summary
26 judgment.  The Court reminds the government the requirement is mandatory, not discretionary, and

27
28   [2]    Plaintiff's extraordinary silence on these and issues related to settlement is of little assistance to the Court.

4


a failure to comply with it merits a denial without prejudice.[3] The Court thus DENIES the government's request without prejudice.

Finally, the Court notes that on July 18, 2008, Plaintiff filed an Amended Motion for Order Authorizing Compromise of Minor's Claim and for Attorneys Costs, allegedly in response to an objection made by the government, in response to Plaintiff's initial Motion for Order Authorizing Compromise of Minor's Claim and for Attorneys Costs. Docket No. 134 at 1-2. As the Court had already denied the initial motion on July 10, 2008, before the amended motion was filed, the Court DENIES the amended motion as moot.

Accordingly, the Court DENIES without prejudice SMC's Motion for Hearing re Determination of Good Faith Settlement [Docket No. 123], Kahl's Motion for Good Faith Settlement on Behalf of Defendant Natasha Kahl, M.D. [Docket No. 142], the government's request for additional experts [Docket No. 144], and Plaintiff's Amended Motion for Order Authorizing Compromise of Minor's Claim and for Attorneys Costs [Docket No. 134].

IT IS SO ORDERED.

September 17, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

---

[3] The government also failed to file this request as a noticed motion, instead placing it in an opposing pleading. The government is directed to familiarize itself with the Civil Local Rules, including Rule 7 regarding motion practice, and this Court's standing orders.