**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CRUZ HERNANDEZ, a Minor, by and through his Guardian ad Litem, ALICIA TELLES-HERNANDEZ,

   Plaintiff,

   v.

SUTTER MEDICAL CENTER OF SANTA ROSA, *et al.*,

   Defendants.

No.  C 06-03350 SBA

**ORDER**

[Docket No. 152]

## INTRODUCTION

Before the Court is a Second Notice of Motion and Motion for Determination of Good Faith Settlement (the "Motion") [Docket No. 152] filed by defendant Sutter Medical Center of Santa Rosa ("SMC"), a Declaration of Stanton T. Mathews in Support of the Motion ("Plaintiff's Declaration") [Docket No. 161] filed by plaintiff Cruz Hernandez, by and through his Guardian ad Litem, Alicia Telles-Hernandez ("Plaintiff"), and a Statement of No Opposition [Docket No. 163] filed by defendant United States.  The Court finds this matter appropriate for resolution without a hearing under Federal Rule of Civil Procedure 78(b), and for the reasons discussed below GRANTS the Motion as unopposed.

## BACKGROUND

Plaintiff sued defendants SMC, Natasha Kahl, M.D., and Don Carlos Steele, M.D. for medical malpractice under California law, under the Federal Tort Claims Act (the "FTCA").  *See* Docket No. 1.  Subsequently, the United States substituted in for Steele.  *See* Docket No. 36. Plaintiff alleges defendants' negligence at his delivery legally caused him to become a spastic quadriplegic with severe mental retardation.  *See* Docket No. 1.

In May and June of this year, Plaintiff, SMC, and Kahl filed pleadings requesting the Court to approve a settlement agreement whereby SMC and Kahl would each pay $29,999 ($59,998 total) to

///

settle this matter.[1]  *See* Docket Nos. 65, 118.  Plaintiff also filed a request to approve a minor's compromise, whereby all but about $5,800 would be applied to litigation costs.[2]  *See* Docket No. 70. The United States objected in part to the minor's compromise.  *See* Docket No. 71.

In response, the Court advised the parties that because this matter arises in California under the FTCA, California law determines liability.  Docket No. 120 at 2 (citing 28 U.S.C. §§ 1346, 2674; *Taylor v. U.S.*, 821 F.2d 1428, 1430 (9th Cir. 1987)).  As such, under sections 1431 and 1431.2 of the California Code of Civil Procedure, general liability would apply to any economic damages, but several liability would apply to any non-economic damages.  Docket No. 120 at 2 (citing *In re Air Crash Disaster Near Cerritos, Cal., On Aug. 31, 1986*, 982 F.2d 1271, 1275 n.4 (9th Cir. 1992). The Court also advised the parties that under *Slottow v. American Casualty Co. of Reading, Pennsylvania*, 10 F.3d 1355 (9th Cir. 1993), any settlement by less than all the parties must proceed under section 877.6 of the California Code of Civil Procedure and *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488, 499, 213 Cal.Rptr. 256, 698 P.2d 159 (1985).  Docket No. 120 at 2. Finally, the Court advised the parties that the Court had to approve any minor's compromise.  *Id.* (citing *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983)).  The Court then denied the May and June motions, as the parties had not performed a *Tech-Bilt* analysis, and because it could not consider a minor's compromise without a global settlement or disposition on the merits.  Docket No. 120 at 2-3.

In July and August 2008, SMC and Kahl again filed motions requesting the Court to approve a settlement agreement whereby SMC and Kahl would each pay $29,999 ($59,998 total) to settle this matter.  *See* Docket Nos. 65, 118.  Plaintiff did not file any pleadings.  In their motions, SMC and Kahl assert under *Tech-Bilt* that based on their experts' assessments they bear no liability, that the settlement was reached through a lengthy private mediation, and that it is for a reasonable figure

---

[1] In California, a medical malpractice settlement exceeding $30,000 must be reported to the California Medical Board.  Cal. Bus. & Prof. Code § 801.01(a).

[2] In a prior Order, the Court incorrectly indicated that all but about $5,800 would be applied to "attorneys' fees," rather than litigation costs.  *See* Docket No. 149 at 2.

2

///

which avoids the expense of trial. *See* Docket Nos. 65, 118. They also deny any collusion or bad faith. *See id.* The government did not oppose settlement.[3] Docket No. 144

The Court denied SMC's and Kahl's motions because in their pleadings they failed to address the *Tech-Bilt* factors of plaintiff's damages, plaintiff's potential recovery, defendants' proportional liability, or defendants' insurance. *See* Docket No. 149 at 4. Nor did plaintiff file any pleading with the Court regarding its position on the proposed settlement. *See id.*

On October 6, 2008, SMC filed the Second Notice of Motion and Motion for Determination of Good Faith Settlement (the "Motion") before the Court. In it, SMC analyzes the *Tech-Bilt* factors it failed to analyze in its July motion. *See* Mot. at 7-12. A month later, on November 6, 2008, plaintiff's counsel declared that he had initially sued SMC as a matter of caution, but that after "exhaustive" discovery, his and SMC's experts agreed that any injuries due to managing plaintiff's mother's labor were not due to any act or omission by SMC's agents. Pl.'s Decl. ¶¶ 7-8, 12-13. As such, plaintiff's counsel declared that the best course was to settle with SMC, so it could avoid further litigation costs. *Id.* ¶ 14. Plaintiff's counsel also provided an analysis by his experts of plaintiffs' potential damages. *Id.* ¶¶ 11, 14-15. On November 25, 2008, the government filed a Statement of No Opposition to SMC's Motion. Docket No. 163.

## LEGAL STANDARD

Under section 877.6(a), "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." Civ. Proc. Code § 877.6(a); *Tech-Bilt*, 38 Cal.3d at 493. "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Civ. Proc. Code § 877.6(c); *Tech-Bilt*, 38 Cal.3d at 493. A party asserting a partial settlement was not made good faith has the burden of proof on

---

[3] The government raised other issues, which dispositions are not relevant to disposing of the Motion before the Court.

1 this issue.  Civ. Proc. Code § 877.6(d); *Tech-Bilt*, 38 Cal.3d at 493.

2       In *Tech-Bilt*, the California Supreme Court held that when determining whether a settlement is made in good faith:

> the intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.  Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Tech-Bilt*, 38 Cal.3d at 499.

"A party asserting a lack of good faith . . . [must] demonstrate, if he [or she] can, that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute."  *Id.* at 499-500.  Where, however, all the parties have received timely and sufficient notice, and have not filed any oppositions to a proposed settlement, a court need not perform a *Tech-Bilt* analysis.  *City of Grand Terrace v. Super. Ct.*, 192 Cal.App.3d 1251, 1261, 238 Cal.Rptr. 119 (1987).

## ANALYSIS

The Court has reviewed the Motion and its supporting declarations.  The Court has also reviewed Plaintiff's Declaration and its supporting exhibits.  All parties, due to SMC's and plaintiff's timely briefing, have now had an adequate opportunity to perform a complete analysis of all the *Tech-Bilt* factors on their own.  The government has expressly not objected, and defendant Kahl has not objected.  Under *City of Grand Terrace*, the Court need not perform an independent *Tech-Bilt* analysis, and thus GRANTS SMC's Motion as unopposed.[4]

---

[4] Granting SMC's unopposed Motion, however, does not obviate the remaining task for the Court of ruling on a minor's compromise, which the Court will perform when each party has settled or obtained a final disposition on the merits.

1  ///

## CONCLUSION

The Court GRANTS SMC's Second Notice of Motion and Motion for Determination of Good Faith Settlement [Docket No. 152].

IT IS SO ORDERED.

December 12, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge