UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CRUZ HERNANDEZ, a minor, by and through his Guardian ad Litem, Alicia Telles-Hernandez,<br><br>Plaintiff,<br><br>vs.<br><br>SUTTER MEDICAL CENTER OF SANTA ROSA, DON CARLOS STEELE, M.D., NATASHA KAHL, M.D., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: C 06-3350 SBA<br><br>**ORDER DENYING PLAINTIFF'S FOURTH AMENDED MOTION FOR ORDER AUTHORIZING COMPROMISE OF MINOR'S CLAIM AND ATTORNEY COSTS ONLY**<br><br>[Docket 193] |

The parties are presently before the Court on Plaintiff's Fourth Amended Motion for Order Authorizing Compromise of Minor's Claim and for Attorney Costs Only. (Docket 193.) Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion.

**I.     BACKGROUND**

This is a medical malpractice action brought by Plaintiff Cruz Hernandez, by and through his guardian ad litem, Alicia Telles-Hernandez. Plaintiff has settled with Defendants Sutter Medical Center of Santa Rosa ("Sutter") and Dr. Natasha Kahl ("Kahl"), each in the amount of $29,999.99 (for a total of $59,999.98). On December 12, 2008, the Court granted Sutter's motion for a good faith settlement determination. (Docket 174.) The Court subsequently granted Kahl's motion for good faith settlement on February 9, 2009. (Docket 179.) In the latter order, the Court noted that resolution of the good faith settlement motions did not obviate "the remaining task for the Court of ruling on a minor's compromise, which the Court will perform when each party has settled or obtained a final resolution on the merits." (Docket 179 at 5 n.2.)

In the instant motion, Plaintiff's counsel seeks leave of Court to disburse the proceeds from the Sutter and Kohl settlements. Specifically, counsel seeks reimbursement in the amount of

$54,206.94 in costs incurred to date on behalf of Plaintiff.  Counsel indicates that the remaining $5,793.04 will be used to defray the costs Plaintiff will incur for experts at trial.  The Defendant opposes the motion on the ground that the matter of how the minor's settlement proceeds should be distributed should await the final conclusion of the action.  Trial is set for May 18, 2009.

## II.     DISCUSSION

In considering the fairness of a settlement of a minor's claim, federal courts generally are guided by state law.  See Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Procedure Before Trial ¶ 15.138 at 15-48 (TRG 2008).  Under California law, a court must approve the amount paid out of the settlement for attorney's fees and costs for claims brought by minors.  Cal.Code Civ. P. § 372 (providing that the guardian ad litem "shall have the power, with the approval of the Court in which the action or proceeding is pending, to compromise [the action]"); Cal.Prob.Code § 3601(a) (requiring the court to make an "order authorizing and directing that such reasonable expenses, … costs, and attorney fees, as the court shall approve and allow therein").

"[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected … even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem."  Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983).  California law "bestows broad power on the court to authorize payment from the settlement--to say who and what will be paid from the minor's money…."  Goldberg v. Superior Court, 23 Cal.App.4th 1378, 1382 (1994).  The court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment."  Id.

The instant motion fails to cite any authority or provide any reasoned analysis to support counsel's request to distribute to himself the *entire* amount of minor's settlement proceeds *before* trial.  While Plaintiff's counsel's desire to obtain reimbursement for costs at this juncture is understandable, the Court has serious concerns regarding the propriety of fulfilling such a request particularly where, as here, no money is being distributed to the minor.  The costs associated with prosecuting this case should have been anticipated and accommodated by Plaintiff's counsel, who must bear the risk of pursuing this case.  C.f., Berg v. Traylor, 148 Cal.App.4th 809, 817 (2007)

1  ("Simply stated, one who provides a minor with goods and services does so at her own risk.").  The
2  Court thus concludes that Plaintiff's counsel has failed to demonstrate that distribution of the entire
3  amount of the settlement obtained from Sutter and Kahl is in the minor's best interests.

4  **III.   CONCLUSION**

5  For the reasons stated above,

6  IT IS HEREBY ORDERED THAT Plaintiff's Fourth Amended Motion for Order
7  Authorizing Compromise of Minor's Claim and for Attorney Costs Only (Docket 193) is DENIED.

8  IT IS SO ORDERED.

11 Dated: April 27, 2009                                   _____
                                                            Hon. Saundra Brown Armstrong
12                                                            United States District Judge