**Mathews Funk & Associates**
**A Law Corp.**
**24012 Calle de la Plata Suite 320**
**Laguna Hills, California 92653**
**(949) 586-2235 Fax (949) 586-1806**

**STANTON T. MATHEWS, Bar No. 99058**
**RONALD B. FUNK, Bar No. 185896**
**MARCIA E. DEPEW, Bar No. 239231**

**Attorneys for Plaintiff, Cruz Hernandez, A Minor**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CRUZ HERNANDEZ, a minor, by and through his Guardian ad Litem, Alicia Telles-Hernandez, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 06-3350-SBA (EDL) <br><br> **ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR** <br><br> **Trial Date: May 20, 2009** |

On this 20th day of April, 2010, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Cruz Hernandez, a minor, United States Magistrate Judge Elizabeth D. Laporte presiding. Plaintiff Cruz Hernandez, a minor, appeared through his attorney of record Stanton T. Mathews, and through his surviving parent Alicia Telles-Hernandez, who is also Cruz Hernandez's Guardian Ad Litem. Defendant United States of America appeared through its attorney of record.

**ORDER APPROVING MINOR'S COMPROMISE**

The complete and precise terms and conditions of the settlement are set forth in the <u>Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677</u> (hereinafter "Stipulation"), attached as Exhibit "1."  The Court has reviewed the Stipulation, taken testimony, and heard arguments in favor of this settlement.  The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States.  The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of Cruz Hernandez, a minor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Settlement, as set forth in Exhibit 1, is hereby approved.  It is further Ordered that Alicia Hernandez, as parent and Guardian Ad Litem for Cruz Hernandez, a minor, and Stanton T. Mathews, counsel of record for plaintiffs, are authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of $3.5 million dollars ($3,500,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation.  With respect to the settlement check that will be made payable to the named plaintiffs pursuant to Paragraph 3.a.5. of the Stipulation, the Court hereby Orders the plaintiff CRUZ HERNANDEZ, a minor, by and through his Guardian ad Litem, Alicia Telles-Hernandez to endorse that check over to plaintiffs' attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement pursuant to Paragraphs 3.b.ii, 3.c, and 3.d of the Stipulation. Further, pursuant to Paragraph 3.b.i. this Court orders the establishment of a Special Needs Trust, pursuant to California Probate Code §§ 3600 et. seq. for the benefit of the minor to be filed in Sonoma County Superior Court or such state court as the minor resides at the time of this order.  The remainder of the Settlement Amount shall be placed in the Special Needs Trust for Plaintiff's ongoing benefit.  Nothing in this Order modifies the terms of the Stipulation or alters the parties' obligations under the Stipulation.

**ORDER APPROVING MINOR'S COMPROMISE**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees in this action shall not exceed twenty-five percent (25%) of the Settlement amount and shall be paid as provided pursuant to Paragraph 3.c. of the Stipulation in the amount of $889,999.50.  The Court finds that the costs and expenses associated with the litigation are $ 47,843.00 and that such costs and expenses are fair, reasonable, and necessary.[1]  It is hereby Ordered that attorney fees and costs and expenses are approved and are to be paid as provided pursuant to Paragraph 3.c. of the Stipulation.  The Court finds that plaintiff is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers.  The Court hereby Orders plaintiff CRUZ HERNANDEZ, a minor, by and through his Guardian ad Litem, Alicia Telles-Hernandez, by and through his attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare as provided pursuant to Paragraph 3.d. of the Stipulation.  The Court further Orders that plaintiff CRUZ HERNANDEZ, a minor, by and through his Guardian ad Litem, Alicia Telles-Hernandez and his attorney shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in Paragraph 3.d. of said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the Northern District of California that it has received the check for the amount of the 3.5 million dollars ($3,500,000.00) as set forth in Paragraph 3.a.5. of the Stipulation, shall cause their attorney to file with the United States District Court for the Northern District of California a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees.  Upon the filing of such dismissal, the United States Attorney for the

---

1  The firm will retain $10,000.00 to satisfy any additional expenses which have not yet been billed and upon satisfaction of all outstanding costs and expenses, the balance will be paid to plaintiffs.

**ORDER APPROVING MINOR'S COMPROMISE**

Northern District of California shall transmit to plaintiff's attorney said check.  Subject to the terms and conditions set forth in Paragraph 3.d. of the Stipulation, plaintiff's attorney shall distribute the Settlement Amount to the plaintiff after paying or resolving any lien or claim for reimbursement or payment for which plaintiff has agreed to be legally responsible under the terms of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement as provided pursuant to Paragraph 5.h. of the stipulation.


**IT IS SO ORDERED.**


DATED:        April 20, 2010

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4  EDWARD A. OLSEN (SBN 214150)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 9th Floor
6      San Francisco, California 94102-3495
       Telephone:      (415) 436-6909 (Lee)
7      Telephone:      (415) 436-6915 (Olsen)
       Facsimile:      (415) 436-6748
8      Email:     jonathan.lee@usdoj.gov
       Email:     edward.olsen@usdoj.gov
9

10 Attorneys for UNITED STATES OF AMERICA

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                        OAKLAND DIVISION

14
   CRUZ HERNANDEZ, a minor, by and          )   No. C 06-3350 SBA (EDL)
15 through his Guardian Ad Litem, Alicia     )
   Telles-Hernandez,                         )
16                                           )   **STIPULATION FOR COMPROMISE**
                     Plaintiff,              )   **SETTLEMENT AND RELEASE OF**
17                                           )   **FEDERAL TORT CLAIMS ACT**
            v.                               )   **CLAIMS PURSUANT TO 28 U.S.C. §**
18                                           )   **2677**
   UNITED STATES OF AMERICA,                 )
19                                           )
                                             )
20                   Defendant.              )
                                             )
21                                           )
                                             )
22 ───────────────────────────────

23        It is hereby stipulated by and between each of the undersigned plaintiffs (meaning any

24 person -- other than the plaintiffs' counsel, and the defendant and its counsel -- signing this

25 agreement waiving and releasing claims or potential claims against the United States, whether

26 such person is a party to this civil action or not) and the United States of America, by and

27 through their respective attorneys, as follows:

28
   STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
   FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
   C 06-3350 SBA
                                        -1-

1.      1. The parties to this Stipulation do hereby agree to settle and compromise each and

2. every claim of any kind, whether known or unknown, arising directly or indirectly from the acts

3. or omissions that gave rise to the above-captioned action under the terms and conditions set forth

4. in this Stipulation.

5.      2. This Stipulation is not, is in no way intended to be, and should not be construed as an

6. admission of liability or fault on the part of the United States, its agents, servants, or employees,

7. and it is specifically denied that they are liable to the plaintiff Cruz Hernandez, a minor, by and

8. through his Guardian Ad Litem, Alicia Telles-Hernandez (hereinafter, "plaintiffs"). This

9. settlement is entered into by all parties for the purpose of compromising disputed personal injury

10. and wrongful death claims under the Federal Tort Claims Act and avoiding the expenses and

11. risks of further litigation.

12.      3. In consideration for the plaintiffs' agreement to accept the terms and conditions of this

13. settlement, the United States agrees to pay the cash sum of Three Million Five Hundred

14. Thousand Dollars exactly ($3,500,000.00) (hereinafter "Settlement Amount") based upon the

15. terms and conditions set forth in this Stipulation .

16.      a. Within three business days after counsel for the United States receives (1) this

17. Stipulation signed by all parties to said document; (2) the Social Security numbers or tax

18. identification numbers of plaintiff and their attorneys; (3) a fully executed waiver and release

19. from each State, private entity, and private individual for any and all past, present, and future

20. claims or liens for reimbursement or payment any such State, private entity, or private individual

21. may have arising from any benefits or payments made to or on behalf of plaintiff by any such

22. State, private entity, or private individual; (4) a fully executed waiver and release from any State,

23. private entity, or private individual, who has or may have now or in the future a claim or cause of

24. action against the United States (and its agents, servants, and employees) arising out of the

25. subject matter of the above-captioned action, including any claim for contribution,

26. indemnification, or subrogation; and (5) an authorization by the Attorney General or his designee

27. to conclude negotiations and to consummate the settlement, counsel for the United States will

28.

1    send a formal request to the United States Treasury requesting that a check in the Settlement

2    Amount of Three Million Five Hundred Thousand Dollars exactly ($3,500,000.00) be issued

3    made payable to the Cruz Hernandez . The check for the Settlement Amount will be mailed to

4    the United States Attorney for the Northern District of California to hold until such time as the

5    plaintiffs' counsel have filed a motion or stipulation with the United States District Court for the

6    Northern District of California to dismiss this action in its entirety with prejudice, with each

7    party to bear its own costs, expenses, and fees, including any costs, expenses, and fees incurred

8    in obtaining court approval of the settlement.

9              b. With respect to the payment of the Settlement Amount, plaintiffs stipulate and

10   agree that:

11             i. The United States will not sign any annuity application form or uniform

12   qualified assignment form or any equivalent form; nor will the United States pay the settlement

13   amount into a qualified settlement fund or its equivalent. Plaintiffs further stipulate and agree

14   that plaintiffs' attorneys, Guardian Ad Litem, and plaintiffs' representatives (including any

15   structured settlement annuity broker, regardless of whether said broker was retained by them or

16   by someone else, either before, during or after the settlement) (collectively referred to as

17   "plaintiffs") will not attempt to structure the Settlement Amount in any way, form, or manner,

18   including placing any of the Settlement Amount into any qualified settlement fund or its

19   equivalent. However, nothing in this Paragraph 3.b. precludes the plaintiffs from purchasing

20   standard, non-structured settlement annuities after the plaintiffs have cashed the Settlement

21   Amount check, but plaintiffs agree that plaintiffs will not represent to any person, entity or

22   agency that plaintiffs are purchasing structured settlement annuities and plaintiffs agree that

23   plaintiffs will not attempt to purchase such structured settlement annuities.

24             ii. Plaintiffs will endorse the Settlement Amount check over to plaintiffs'

25   attorneys to be deposited in the attorneys' client trust account to facilitate disbursement of any

26   amounts authorized by the approving court.

27             c. The parties agree that any attorneys' fees owed by the plaintiffs in their Federal

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA

-3-

1    Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount.

2    28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs

3    and expenses of said action against the United States and any costs, expenses, or fees associated

4    with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount

5    paid pursuant to this Paragraph 3, and not in addition thereto. The parties agree that any fees for

6    legal services incurred in this action, and in any court proceedings reviewing the settlement for

7    approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the

8    provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in

9    addition thereto.

10                  d. Plaintiffs stipulate and agree that plaintiffs are legally responsible for any and

11   all past, present, and future liens or claims for payment or reimbursement, including any past,

12   present, and future liens or claims for payment or reimbursement by any public entity or body,

13   including any federal, State, or local government, including Medicare and Medicaid, any

14   insurance company, and any private individual or entity, arising from the injuries that are the

15   subject matter of this action. Plaintiffs stipulate and agree that plaintiffs will satisfy or resolve

16   any and all past, present, and future liens or claims for payment or reimbursement asserted by any

17   public entity or body, including any federal, State, or local government, including Medicare and

18   Medicaid, any insurance company, and any private individual or entity. Plaintiffs and plaintiffs'

19   attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search

20   and effort to determine the identity of any individual or entity that has or may have a lien or

21   claim for payment or reimbursement arising from the injuries that are the subject matter of this

22   action. Plaintiffs and plaintiffs' attorneys agree that, no later than thirty (30) days from the date

23   any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the

24   plaintiffs, they will provide to the United States evidence that said lien or claim has been

25   satisfied or resolved and that said lienholder or claimant has waived and released such lien or

26   claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from

27   plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA

-4-

1  satisfied or resolved and that the lienholder or claimant has waived and released such lien and

2  claim.

3    4. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby

4  accept the terms and conditions of this settlement, including the Settlement Amount set forth

5  above in Paragraph 3, in full settlement, satisfaction, and release of any and all claims, demands,

6  rights, and causes of action of whatsoever kind and nature, including any claims for personal

7  injury or wrongful death, any claims for pre-judgment or post-judgment interest, and any claims

8  for fees, costs, and expenses, whether incurred in the district court or in any other court

9  proceedings, arising from, and by reason of, any and all known and unknown, foreseen and

10  unforeseen, bodily and personal injuries, death, or damage to property, and the consequences

11  thereof, which plaintiffs or their heirs, executors, administrators, or assigns may have or

12  hereafter acquire against the United States of America or its agents, servants, and employees on

13  account of the same subject matter that gave rise to the above-captioned action.  Plaintiffs and

14  their guardians, heirs, executors, administrators, and assigns do hereby further agree to

15  reimburse, indemnify, and hold harmless the United States of America and its agents, servants,

16  and employees from and against any and all such claims, causes of action, liens, rights, or

17  subrogated or contribution interests (whether such claims, causes of action, liens, right,

18  subrogated interests, or contribution interests sound in tort, contract, or statutory) incident to, or

19  resulting or arising from, the acts or omissions that gave rise to the above-captioned action.

20    5. This compromise settlement is specifically subject to each of the following conditions:

21    a. The Attorney General or the Attorney General's designee must approve the

22  terms of the settlement and authorize the attorney representing the United States to negotiate and

23  consummate a settlement for the amount and upon the terms and conditions agreed upon by the

24  parties, as set forth in this Stipulation.

25    b. The parties must agree in writing to the terms, conditions, and requirements of

26  this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise

27  settlement are null and void in the event the parties cannot agree on the terms, conditions, and

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA

-5-

1  requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are

2  not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement

3  renders the entire Stipulation and the compromise settlement null and void. The parties must

4  agree to the terms, conditions, and requirements of the Stipulation before the attorneys for the

5  United States will seek settlement authority from the Attorney General or the Attorney General's

6  designee.

7       c. Plaintiffs must obtain at their expense an Order by a court of competent

8  jurisdiction approving the terms of the settlement on behalf of Cruz Hernandez, a minor, any

9  minor or incompetent sibling of Cruz Hernandez, and any incompetent adult being required to

10  sign this Stipulation. The terms of any such Order, to be provided by the United States, must be

11  approved by the Department of Justice's Torts Branch (FTCA Staff) prior to being submitted to

12  any reviewing Court and said Order signed by such Court cannot be changed by the Court or

13  parties without the prior written consent of the Torts Branch (FTCA Staff). In the event any such

14  incompetent adult or minor is not a party to this action, Plaintiffs must obtain, at their expense,

15  said court approval on behalf of any such incompetent adult or minor from a state court of

16  competent jurisdiction. Plaintiffs agree to obtain any such court Order, including state court

17  Order, in a timely manner: time being of the essence. Plaintiffs further agree that the United

18  States may void this settlement at its option in the event any such court Order is not obtained

19  with respect to each such person being required to sign this Stipulation in a timely manner. In

20  the event Plaintiffs fail to obtain any such court Order or any such Order they obtain fails to

21  comply with the terms and conditions of this Paragraph 5.c., the entire Stipulation and the

22  compromise settlement are null and void. The Plaintiffs must obtain any such court Order or

23  Orders before the United States Attorney's Office will seek settlement authority from the

24  Attorney General or the Attorney General's designee.

25       d. Plaintiff Cruz Hernandez must be alive at the time the check for the Settlement

26  Amount is transmitted by counsel for the United States to plaintiff's counsel. In the event of the

27  death of the plaintiff prior to the date of such transmission, the entire Stipulation and the

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA
-6-

compromise settlement are null and void.

     e. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (or the State equivalent) or Medicare, and any claims by private entities or private individuals, arising out of the subject matter that gave rise to the above-captioned action, whether disputed by plaintiffs as legally valid or not, plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the plaintiff or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiff. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim. Prior to the attorney for the United States seeking approval from the Attorney General or his designee, the plaintiffs must provide the United States with either (i) all such releases and waivers required by this paragraph, or (ii) a written representation by plaintiffs' counsel stating, after a diligent search of counsel's law firms' records and files and of the plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

     g. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States, its agents, servants, and employees arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Prior to the United States Attorney's Office seeking approval from the Attorney General or his designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.g., or (ii) a

1   written representation by Plaintiffs' counsel stating that, after a diligent search of counsel's law

2   firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and

3   files, the Plaintiffs and their counsel are unaware of any such potential tortfeasor.

4         .h  The United States District Court for the Northern District of California must

5   agree to dismiss the district court action with prejudice, with each party bearing its own fees,

6   costs, and expenses.  The Order of dismissal of the above-referenced civil action must expressly

7   provide that the District Court shall not retain jurisdiction over this action, the settlement, or any

8   other matter pertaining to this action or the settlement.

9        6.  The parties agree that, upon notice from the attorney for the United States that the

10   United States Attorney's Office has received the check for the amount of the Settlement Amount,

11   the plaintiffs' attorneys shall file with the United States District Court for the Northern District of

12   California a dismissal of this action in its entirety with prejudice, with each party bearing its own

13   costs, expenses, and fees.  Upon the filing of such dismissal, the attorney for the United States

14   shall transmit to plaintiffs' counsel said check in the amount of the Settlement Amount.  Subject

15   to the terms and conditions set forth in Paragraph 3, above, plaintiffs' attorneys agree to

16   distribute the Settlement Amount to the plaintiffs after paying or resolving any lien or claim for

17   reimbursement or payment for which plaintiffs have agreed to be legally responsible under the

18   terms of this Stipulation.

19        7.  The parties agree that this Stipulation, including all the terms and conditions of this

20   compromise settlement and any additional agreements relating thereto, may be made public in

21   their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5

22   U.S.C. § 552a(b).

23        8.  The provisions of California Civil Code Section 1542 are set forth below:

24       "A general release does not extend to claims which the creditor does not know or
    suspect to exist in his favor at the time of executing the release, which if known

25       by him must have materially affected his settlement with the debtor."

26   Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their

27   attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA
-8-

1  all rights they may have pursuant to the provision of that statute and any similar provision of

2  federal law. Plaintiffs understand that, if the facts concerning injuries or liability for damages

3  pertaining thereto are found hereinafter to be other than or different from the facts now believed

4  by them to be true, the Agreement shall be and remain effective notwithstanding such material

5  difference.

6      9. It is contemplated that this Stipulation may be executed in several counterparts, with a

7  separate signature page for each party. All such counterparts and signature pages, together, shall

8  be deemed to be one document.

9

10  Executed this ___ day of _____, 20___.

11

12                        JOSEPH P. RUSSONIELLO
                      UNITED STATES ATTORNEY

13

14            BY: _____

15                        JONATHAN U. LEE
                      Assistant United States Attorney

16                        Attorney for Defendant, United States of America

17

18

19

20

21

22

23

24

25

26

27

28

1

2   Executed this /8 day of _Nov_ , 2009

3                                        MATHEWS, FUNK & ASSOCIATES

4

5                        BY:

6                              STANTON T. MATHEWS
                             Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA
                                -10-

Executed this 8 day of December, 2009.

_____
CRUZ HERNANDEZ, a minor, by and through his
Guardian Ad Litem, ALICIA TELLES-
HERNANDEZ

Executed this 17 day of December 2009

_____
[name of parent of CRUZ HERNANDEZ, a minor],
[in the event a parent is legally incompetent,
plaintiffs must obtain STATE court approval on
behalf of such parent.]

Executed this ___ day of ___, 20____.

_____
[name of parent of CRUZ HERNANDEZ, a minor]
[in the event a parent is legally incompetent,
plaintiffs must obtain STATE court approval on
behalf of such parent.]

Executed this ___ day of ___, 20____.

_____
[name of each sibling of Cruz Hernandez, a minor,
by blood, adoption or otherwise]
[in the event any such sibling is a minor or
otherwise legally incompetent, plaintiffs must
obtain STATE court approval on behalf of such
sibling.]

_____
[name of each sibling of Cruz Hernandez, a minor,
by blood, adoption or otherwise]
[in the event any such sibling is a minor or
otherwise legally incompetent, plaintiffs must
obtain STATE court approval on behalf of such
sibling.]

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
C 06-3350 SBA

-11-